**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-50577

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CLEVELAND T. HART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(P-96-CR-16-1)
_____
December 11, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cleveland Hart appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He claims that the Border Patrol officers were without probable cause to search his vehicle after they smelled burnt marihuana inside the vehicle. We have held, however, that "the smell of marihuana alone

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may be ground enough for a finding of probable cause." *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995).

Hart also argues that the district court should have granted his motion for judgment of acquittal under FED. R. CRIM. P. 29 because the evidence was insufficient to establish venue in the Western District of Texas. Hart did not mention venue in his motion for acquittal. The indictment charged an offense in the Western District of Texas. Hart admits that the government established that the offense occurred at the Sierra Blanca checkpoint, and he acknowledges that that checkpoint is in the Western District of Texas. Accordingly, venue was proper.

AFFIRMED.